IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Curtis Poss, JR., <br><br> Plaintiff, <br><br> v. <br><br> Donna Miller at Southern Health Partners, <br><br> Defendant. | C/A No. 4:21-cv-2756-JFA-TER <br><br> **ORDER** |

Plaintiff James Curtis Poss, Jr., ("Plaintiff or Poss"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging Defendant violated his constitutional rights and seeks monetary damages. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings, including consideration of Defendant's motion for summary judgment (ECF No. 34).

After reviewing the motion for summary judgment and all responsive briefing, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 40). Within the Report, the Magistrate Judge opines that Defendant's motion for summary judgment (ECF No. 34) should be granted for Plaintiff's failure to prosecute the claim pursuant to Federal Rule of Civil Procedure 41(b) with prejudice.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff received a *Roseboro* Order explaining the summary judgment standard and failed to respond to the motion within the required time frame. (ECF No. 35). Additionally, Plaintiff was advised of his right to object to the Report, which was entered on the docket on May 6, 2022. (ECF No. 40). The Magistrate Judge required Plaintiff to file objections by May 20, 2022. *Id.* Plaintiff failed to file objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that Defendant's motion for summary judgment should be granted as Plaintiff failed to respond after receiving the *Roseboro* order.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

(ECF No. 40). Consequently, Defendant's motion for summary judgment is granted (ECF No. 34) and this action is dismissed with prejudice for failure to prosecute pursuant to 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

June 21, 2022  
Columbia, South Carolina

*Joseph F. Anderson, Jr.*  
Joseph F. Anderson, Jr.  
United States District Judge